NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ANGELIINA LYNN LAWSON,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2026-1368

---

Appeal from the United States Court of Federal Claims in No. 1:25-cv-02097-RAH, Judge Richard A. Hertling.

---

**ON MOTION**

---

PER CURIAM.

### O R D E R

Angeliina Lynn Lawson appeals from the final judgment of the United States Court of Federal Claims dismissing her case for lack of jurisdiction. In response to this court's show cause order, the United States urges the court to summarily affirm the decision, while Ms. Lawson asks this court to allow the appeal to proceed.

Ms. Lawson's present suit filed at the Court of Federal Claims followed her prior unsuccessful attempt to remove a Kansas state-court custody proceeding to federal court. Her complaint seeks $50,000,000 based on alleged "federal nonaction" by the United States Court of Appeals for the Tenth Circuit in her removal appeal for "violation of access, due process, and ADA obligations." ECF No. 10 at 20. The Court of Federal Claims dismissed and certified under 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith. Ms. Lawson, nevertheless, appealed.

Summary affirmance is appropriate here because "no substantial question" exists as to whether Ms. Lawson's complaint was properly dismissed. *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994). Ms. Lawson's allegations of wrongdoing were directed at state and local actors in the custody proceeding and, more generally, at the Tenth Circuit for not granting her requested relief. The Court of Federal Claims is a court of limited jurisdiction and, under the Tucker Act, 28 U.S.C. § 1491(a)(1), that jurisdiction extends only to "money judgments in suits brought for that relief against the United States." *United States v. Sherwood*, 312 U.S. 584, 588 (1941). Ms. Lawson's claims clearly fall outside of that jurisdiction. *See id.*; *see also Innovair Aviation Ltd. v. United States*, 632 F.3d 1336, 1344 (Fed. Cir. 2011) (noting that the Court of Federal Claims "cannot entertain a taking[s] claim that requires the court to scrutinize the actions of' another tribunal" (internal quotation marks and citation omitted)).

Accordingly,

IT IS ORDERED THAT:

(1)  The judgment of the United States Court of Federal Claims is summarily affirmed.

(2)  All pending motions are denied.

LAWSON v. US                                                                      3

(3)  Each side shall bear its own costs.

FOR THE COURT



Jarrett B. Perlow
Clerk of Court

April 21, 2026
Date